# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

THEODIS D. WALLS,
(TDCJ-CID #1653588)

        Petitioner,

VS.

WILLIAM STEPHENS,

        Respondent.

§
§
§
§
§
§
§
§
§
§
§

CIVIL ACTION NO. H-14-3608

## MEMORANDUM AND OPINION

The petitioner, Theodis D. Walls, a Texas state inmate, sues under 28 U.S.C. § 2254,

challenging a disciplinary conviction at the Goree Unit of the Texas Department of Criminal Justice

– Correctional Institutions Division ("TDCJ-CID"). A district court may examine habeas petitions

before an answer or other responsive pleading is filed, *Kiser v. Johnson,* 163 F.3d 326, 328 (5th Cir.

1999), "to screen out frivolous applications and eliminate the burden that would be placed on the

respondent by ordering an unnecessary answer." 28 U.S.C. § 2254, Rule 4, Advisory Committee

Notes. Because a review of Walls's petition shows that he has not stated a valid basis for federal

habeas relief, this case cannot proceed further. An order of dismissal is separately issued. The

reasons are explained below.

On September 5, 2014, prison officials at the Estelle Unit conducted a hearing in disciplinary

case 20150004561. The hearing officer found Walls guilty of soliciting an electrical contract.

(Docket Entry No. 1, Federal Petition, p. 5). Walls's punishment consisted of a reduction in good-

time earning class status from State Approved Trusty ("SAT") 2 to SAT 4; a demotion in custodial

classification from outside trusty to G-2; a 42-day cell restriction; 15 days in solitary confinement; a 30-day phone restriction; and a 90-day contact visit restriction. On December 17, 2014, this court received Walls's federal petition, in which he contends that his conviction in disciplinary case 20150004561 is void because he was denied due process. (Docket Entry No. 1, Petition for Writ of Habeas Corpus, pp. 6-7).

Procedural protections for disciplinary convictions in prisons differ from such protections for other types of criminal convictions because "[p]rison discipline proceedings are not a part of a criminal prosecution, and the full panoply of rights due a criminal defendant does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). The required due process protections depend on the punishment available. In *Sandin v. Conner*, 515 U.S. 472 (1995), the Court held that when discipline, even segregated confinement, did not "present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest," there was no "protected liberty interest" that would trigger the full extent of due process protections. Placement in administrative segregation or the loss of the *opportunity* to earn good-time credits — even if the inmate is eligible for release on mandatory supervision—do not deprive prisoners of a cognizable liberty interest. *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000); *see also Teague v. Quarterman*, 482 F.3d 769, 776 (5th Cir. 2007). Commissary and cell restrictions likewise do not trigger constitutional protections. *Madison v. Parker,* 104 F.3d 765, 768 (5th Cir. 1997). The loss of good-time credits do not require such protections to the extent that it adversely affects parole eligibility. *Sandin,* 515 U.S. at 487. However, the loss of *previously earned* good-time credits will trigger due process protections only if a prisoner is eligible for release on mandatory supervision. *Madison v. Parker,* 104 F.3d at 769; *Teague,* 482 F.3d at 776.

Walls's punishment—a reduction in his good-time earning class status, a loss of privileges, and cell restriction —changed the conditions of his confinement but do not trigger the full range of due process protections. *Madison*, 104 F.3d at 768. He was not deprived of previously earned good-time credits and his other punishments are not "the type of atypical, significant deprivation" required to trigger due process requirements. *Id.*; *see also Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000); *Pichardo v. Kinker*, 73 F.3d 612, 612-13 (5th Cir. 1996).

Walls's federal petition does not present grounds warranting habeas relief and is dismissed. Walls's constructive motion for leave to proceed as a pauper, (Docket Entry No. 1), is granted. Any remaining pending motions are denied as moot.

Although Walls has the right to appeal, this court will not issue a Certificate of Appealability. The showing necessary for a Certificate of Appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000) (citing *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000)). An applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further. *See Finley v. Johnson,* 243 F.3d 2150, 218 (5th Cir. 2001). Walls has not made the necessary showing.

SIGNED on December 22, 2014, at Houston, Texas.

_____

Lee H. Rosenthal
United States District Judge